FILED

04/30/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0314

# SYNOPSIS OF THE CASE[1]

**2024 MT 88**, DA 23-0314: **DEBRA V. SCHUTTER and SIDNEY J. SCHUTTER,** Claimants v. **STATE OF MONTANA BOARD OF LAND COMMISSIONERS,** Objector.

The Montana Supreme Court, in a 5-0 unanimous decision, has upheld a ruling of the Water Court that the State of Montana holds an ownership interest in a water right developed and diverted on private land solely for beneficial use on State-owned school trust land.

When Montana became a State in 1889, thousands of federal acres were granted to the State, by what is known as the Enabling Act, for sale or lease—with the proceeds to be used to establish a permanent school fund. Since statehood, the Montana Constitution has provided that such land "shall forever remain inviolate, guaranteed by the state against loss or diversion."

Further, whether underground, surface, flood, or atmospheric, all waters in Montana are—as provided by the State Constitution—"of the state for the use of its people and are subject to appropriation for beneficial uses as provided by law."

In 1960, John Schutter drilled a well on his property to appropriate water for the purpose of irrigating four separate parcels of land. Schutter owned three of the parcels and leased the fourth—160 acres—from the State. The Schutters claimed a water right for all four parcels. The Montana Land Board objected to the claim, asserting a State ownership interest in the portion of the water used to irrigate State land.

The Land Board claimed no interest in the Schutters' private property or in the ownership of their well. The Water Court agreed with the Land Board, and the Schutters appealed. They argued that because all of the water comes from a well on private property, they are the exclusive owners of the right to use that water.

Affirming the Water Court's decision, the Supreme Court explained that none of the waters within the geographic boundaries of Montana are "private water."

When water is appropriated for beneficial use on a particular tract of land, it is "appurtenant" to that land, meaning the right attaches to the parcel of land, not to the person who put the water to beneficial use. In 1960, when John Schutter dug the well, he did so for the purpose of irrigating not only his property but also for the lease on State land that he held at the time. From its inception, the portion of the Schutters' water rights claim that is used to irrigate the State-owned parcel was intended to be, and in practice was, beneficially used only on school trust land.

The Schutters argued that the Land Board is capturing their water right, but the Court explained that is an incomplete and therefore inaccurate assessment of the case. The Schutters claim a right to use water to irrigate 530 acres of farmland—160 acres of which is school trust land. The Schutters used the school trust land they leased to qualify for and

---

[1] This synopsis has been prepared for the convenience of the reader. It constitutes no part of the Opinion of the Court and may not be cited as precedent.

establish the water rights claim. Without the ability to claim a beneficial use on the school trust land, the Schutters' claim to a water right would have been different, perhaps smaller. Consistent with the Land Board's position in the case, the Court held that the State would be listed as an owner of only that portion of the water right that the Schutters utilize on state land—the very land the Schutters utilized to qualify for their water right in the first place.

The Court emphasized that the Land Board has no ownership interest in the well or in the means of transporting water to the State-owned parcel of land. It pointed out the Land Board's acknowledgment that if the Schutters no longer held the lease, the State would "have to submit a change application for a point of diversion to be on [school trust land]."